IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CR-06-114-R |
| | ) CR-07-023-R |
| | ) |
| JEREMY VAUGHN PINSON, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court are two identical pro se motions [Doc. No. 210 and Doc. No. 183] seeking reconsideration of the Court's order denying Plaintiff's motion for compassionate release [Doc. No. 209 and Doc. No. 182].[1]

"[A] motion for reconsideration may be granted only when the court has misapprehended the facts, a party's position, or the law." *United States v. Warren*, 22 F.4th 917, 928 (10th Cir. 2022) (quotation marks omitted). Specific situations warranting reconsideration "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (quotation marks omitted). Importantly, "[a] motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Id.* (quotation marks omitted). Applying this standard, the Court finds

---

[1] Citations to filings in the cases refer first to the lower-numbered case, CR-06-114-R, and then to CR-07-23-R.

no reason to reconsider its prior ruling denying Defendant's request for compassionate release.

Defendant's motion primarily takes issue with the Court's observation that she has a long history of disciplinary infractions, including a recent infraction for threatening bodily harm to a staff member. Defendant argues that the facts underlying this incident are in dispute, although she concedes that she yelled at a staff member. There is, however, no dispute that Plaintiff was cited for the conduct and has a long history of disciplinary infractions. In any event, the Court would similarly conclude that the § 3553(a) factors do not warrant a sentence reduction even without considering this particular infraction. Defendant additionally argues that the Court's adverse rulings reflect an improper bias. This argument is frivolous. *See Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992) ("However, adverse rulings against a litigant cannot in themselves form the appropriate grounds for disqualification.").

Accordingly, Defendant's Motion for Reconsideration of Order [Doc. No. 210 and Doc. No. 183] is DENIED.

IT IS SO ORDERED this 18th day of October, 2023.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE